**SAFEWAY STORES, INCORPORATED,**

v.

**The UNITED STATES.**

No. 368-60.

United States Court of Claims.

Dec. 5, 1962.

Whitaker and Laramore, JJ., dissented.

Laurence F. Casey, New York City, for plaintiff. Brown, Wood, Fuller, Caldwell & Ivey, New York City, were on the briefs.

Cynthia Holcomb, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer for defendant. Edward S. Smith, Lyle M. Turner and Philip R. Miller, Washington, D. C., were on the brief.

DURFEE, Judge.

This is a suit to recover refund of Federal documentary stamp taxes paid by plaintiff in the amount of $69,300 with statutory interest from date of payment on November 5, 1956. On that date, plaintiff issued certain debentures and to secure payment thereof, also executed a trust indenture as security to the Chase National Bank of New York as trustee. By this transaction, plaintiff substituted these debentures and indenture for previous similar documents issued on November 1, 1954, by Cortland

Equipment Lessors, Incorporated, a wholly-owned subsidiary of plaintiff. Plaintiff was also a party to the earlier Cortland trust indenture, but not the debentures.

This exchange of plaintiff's debentures and indenture in place of Cortland's similar documents of indebtedness resulted from a merger of Cortland into plaintiff corporation on or about November 5, 1956 in which plaintiff assumed all obligations and liabilities of Cortland. At this time, plaintiff purchased and affixed to its supplemental indenture United States Internal Revenue tax stamps in the amount of $69,300, for which it now seeks refund.

The question presented is whether, in view of plaintiff's agreement in the original trust indenture of 1954 to furnish to the trustee all amounts needed for payment of the original debentures of its subsidiary Cortland, the subsequent issuance in 1956 of virtually identical debentures by plaintiff in its own name for payment of the same amounts, constituted a "new issue" subject to stamp tax under Sections 4311 and 4313 of the Internal Revenue Code of 1954.

Cortland was incorporated in 1945 as a wholly-owned subsidiary of plaintiff to hold and lease certain facilities and equipment previously used in plaintiff's operation of a chain of grocery stores and supermarkets, in consideration of rent payments by plaintiff equivalent to Cortland's operating expenses, taxes, repairs and depreciation upon the leased properties.

Included in the original trust indenture by Cortland to the trustee was an assignment by Cortland to the trustee of all rents payable to Cortland under its lease with plaintiff. Also included in the indenture was an Instrument of Consent and Agreement by plaintiff whereby it consented to Cortland's assignment to the trustee of its lease and the rents payable thereunder and warranted that the rents would be sufficient to pay the debentures when due; that any indebtedness of Cortland to plaintiff would be subordinated to prior payment of the debentures; and also warranted that sufficient security would be maintained under the terms of the indenture. Thereafter, plaintiff paid all rents directly to the trustee. Reference to these warranties and obligations of Safeway was contained in Article IV of the Indenture entitled "Provisions as to the Collateral," which also provided that the trustee was to take no action against Safeway under its Consent and Agreement unless and until a default by Cortland on its debentures occurred.

Upon the subsequent merger of Cortland into plaintiff corporation, plaintiff assumed payment of Cortland's debts including the debentures. Plaintiff then issued its own debentures and trust indenture in complete substitution for those of Cortland, with the express consent of the trustee and a majority of the bondholders.

The position of plaintiff is that the exchange of plaintiff's 1956 debentures for the 1954 debentures of Cortland *did not create a new indebtedness or a renewal of existing indebtedness* by plaintiff to the holders of the debentures, and therefore plaintiff's debentures were not a "new issue" or certificate of corporate indebtedness subject to the documentary stamp tax.

Sections 4311 and 4313 of the Internal Revenue Code of 1954 which govern this litigation, provide as follows:

"§ 4311. *Imposition of tax.* There shall be imposed a tax on all certificates of indebtedness issued by a corporation at the rate of 11 cents on each $100 of face value or fraction thereof.

"§ 4313. *Renewals.* Every renewal of any certificate of indebtedness shall be taxed as a new issue.

"§ 4381. *Definitions.*

"(a) Certificates of indebtedness. —For purposes of the taxes imposed by sections 4311 and 4331, the term 'certificates of indebtedness' means bonds and debentures; and also includes all instruments, however termed, issued by a corporation with

interest coupons or in registered form, known generally as corporate securities."

Although Cortland was a wholly-owned subsidiary of plaintiff, its separate corporate identity was clearly recognized for income tax purposes by plaintiff, even though plaintiff supplied all the money required to satisfy the corporate needs of Cortland through the rental payments. Plaintiff deducted these rental payments to Cortland and the trustee on its own income tax returns as an ordinary and necessary business expense of the parent corporation. Cortland in turn deducted the interest that it paid on the debentures as a business expense on its own separate income tax return. Plaintiff, having thus created the separate corporate entity of its subsidiary for its own business and tax purposes, cannot now successfully urge that the obligations of the two corporations under the first method of financing were not separate corporate obligations, or that Cortland was not the "real obligor."

The primary obligation on the first issue of debentures in 1954 was solely that of the subsidiary corporation, Cortland. The debentures, in referring to the obligor, name only "The Company" and called only for the signature of Cortland Equipment Lessors, Incorporated, "The Company." These debentures identify the indenture under which they were to be issued as one "between the Company and the Chase National Bank of New York."

When Cortland filed the required statement for the registration of the original issue of debentures with the Securities and Exchange Commission, the Commission required that the registration statement be also signed by Safeway for the asserted reason *that plaintiff was a guarantor of such bonds* under its Lease and Instrument of Consent and Agreement, and that this guaranty by plaintiff of the Cortland debentures was itself a security within the meaning of the Securities Act. In complying with this requirement by the SEC, plaintiff signed an amendment to the debenture registration statement which stated in part as follows:

"Safeway Stores, Incorporated disclaims that its obligations under the Lease and Instrument of Consent and Agreement referred to herein constitute 'securities' as defined in the Securities Act of 1933, but to the extent that such obligations may constitute 'securities' of Safeway under said Act it has signed this Registration Statement."

The Cortland debentures were "securities" as defined by the Securities and Exchange Act. By its disclaimer, plaintiff Safeway in effect stated that its obligations under the Lease and Instrument of Consent and Agreement were to the trustee and not to the holders of the debentures; and that the debentures were not "securities" of plaintiff Safeway.

Under the "Provisions as to the Collateral" in the original Cortland indenture the trustee could not take any action with respect to the lease to Safeway or to enforce any of the agreements made in the Instrument of Consent and Agreement by plaintiff Safeway and Cortland unless and until there was a default on the debentures, (for the issuance of which plaintiff had expressly disclaimed obligation).

Thereafter plaintiff, pursuant to the final indenture, exchanged its own debentures for the Cortland debentures for equivalent amounts and in identical terms.

It is now the express contention of plaintiff that in executing its supplemental indenture with the same trustee in 1956, "plaintiff merely expressed in different form an existing obligation to the debenture holders which plaintiff had previously incurred under its Instrument of Consent and Agreement executed by plaintiff with the trustee for the benefit of said debenture holders."

Clearly, plaintiff was painstakingly careful from the time it filed its own disclaimer as to the registration of the original Cortland debentures in 1954 and at

the time of execution of the supplemental indentures of both Cortland and plaintiff Safeway in 1956 to make it clear that its obligation under the original indenture to the trustee was not a direct obligation to pay the holders of the Cortland debentures. This change from the original 1954 debentures and indenture was not merely a difference in form of the same obligation by plaintiff, as it now contends. Both Cortland and Safeway recognized that this was a change in legal substance as well as form. Cortland specified in its later supplemental trust indenture of November 2, 1956, "it is desirable to make the debentures *the direct obligation of Safeway* through the merger." Safeway stated in its supplemental indenture of November 5, 1956, in referring to the corporate merger, "and *as a result thereof,* the Company became obligated to pay the principal and premium" of the original Cortland debentures. [Emphasis supplied.]

Whatever other reasons may have impelled the merger of these corporations, each company clearly intended to change the obligations of Safeway for payment of the Cortland debentures from a secondary obligation to a primary and single obligation, *through and as a result of the merger.* This was done, not by Safeway merely agreeing to assume this new primary obligation; it was done by issuing new Safeway debentures and executing and delivering a new Safeway indenture to the trustee. It was also done after obtaining the consent of a majority of the holders of the Cortland debentures.

Under this arrangement, the former obligor Cortland was no longer liable for payment of its own debentures, or liable under the original indenture. The original debt of Cortland was discharged as the result of a single direct promise by Safeway to pay its new debentures and to comply with its new trust indenture.

Plaintiff urges that any distinction between its primary position as the "real obligor" of the Cortland debentures and that of a secondary obligation is one of mere form and not of substance. To this end, plaintiff quotes from the opinion of the Chief Judge of this court in National Metropolitan Bank of Washington v. United States, 87 F.Supp. 773, at page 776, 115 Ct.Cl. 396, at page 408:

> "We are not willing to disregard the manifest substance for a technical legal shadow. * * * A legal technicality is a two-edged sword."

This quotation is hardly apropos of a situation where plaintiff, having itself interposed the "legal technicality" of separate corporate identity and separate corporate obligations of Cortland and Safeway on the original debentures and indenture for its own corporate purposes, now seeks to turn this "two-edged sword" into a "technical legal shadow."

In 1956 the Supreme Court, in holding that certain promissory notes were not subject to documentary stamp tax on bonds, debentures, and certificates of indebtedness, stated:

> " * * * These taxes are based not upon the nature of the transaction involved, but upon the character of the instruments employed. As long ago as 1873, this Court said: 'The liability of an instrument to a stamp duty, as well as the amount of such duty, is determined by the form and face of the instrument, and cannot be affected by proof of facts outside of the instrument itself.' " United States v. Leslie Salt Co., 350 U.S. 383, at page 396, 76 S.Ct. 416, at page 423, 100 L.Ed. 441.

From all of these facts we conclude that the original obligation of plaintiff Safeway under the 1954 indenture, was a secondary and collateral promise as a guarantor by Safeway to pay the Cortland debentures.

The new obligation of plaintiff Safeway under both the 1956 debentures and the trust indenture was a single, direct and primary obligation. Therefore, the issuance of the new debentures and the execution and delivery of the new indenture constituted a "new issue" of corporate certificates of indebtedness by plaintiff Safeway, subject to tax under

Sections 4311 and 4313 of the Internal Revenue Code of 1954.

Plaintiff is not entitled to recover, and its petition is dismissed. Judgment will be entered for defendant.

JONES, Chief Judge, and DAVIS, Judge, concur.

WHITAKER, Judge (dissenting).

I respectfully dissent from the opinion of the majority. Under the terms of the merger of Cortland Equipment Lessors, Incorporated, into plaintiff, Safeway Stores, Incorporated, plaintiff assumed all obligations and liabilities of Cortland. It, therefore, assumed Cortland's liability on the debentures. The corporate existence of Cortland ceased when the merger was consummated, and plaintiff, by the terms of the merger became primarily, indeed solely, liable on the debentures which had been issued by Cortland. Cf. Koppers Co., Inc. v. United States, 134 F.Supp. 290, 133 Ct.Cl. 22. It seems to me to follow from this that the debentures issued by Safeway after the merger were not evidence of a new obligation of Safeway; it was already *primarily* responsible on the debentures issued by Cortland. The debentures issued by Safeway were merely in lieu of, to take the place of, obligations on which it was already primarily liable. The terms of the Safeway debentures were identical with the terms of the Cortland debentures, including the maturity dates of the two. The debentures issued by Safeway, therefore, it seems to me, cannot be a "new issue".

Had there been no merger and had Cortland continued in existence and, under these circumstances, had Safeway issued its debentures in substitution for the Cortland debentures, I would agree that this was a new issue and subject to the stamp tax. But, after the merger Cortland ceased to exist and plaintiff became primarily liable on the Cortland debentures. The debentures it issued, therefore, it seems to me, were not a new issue, but merely evidence, in a different form, of an obligation on which Safeway was already primarily liable.

For this reason I respectfully dissent.

LARAMORE, Judge, joins in the foregoing dissent.